Sara F. Merritt, Esq. Sherwood Merritt, PLLC 406 West Pershing Boulevard North Little Rock, Arkansas 72114
Dear Ms. Merritt:
I am writing in response to your request under A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007), which is contained within the Arkansas Freedom of Information Act (FOIA), for my opinion regarding the propriety of the decision of the records custodian at the North Little Rock Police Department in response to a FOIA request. The FOIA request seeks a police officer's entire personnel file, including all records pertaining to "disciplinary action and/or complaints filed against" him.
As explained more fully in note 1, subsection 25-19-105(c)(3)(B)(i) only enables me to review the custodian's decision to withhold or disclose certain documents. According to the custodian's correspondence, which you attached to your opinion request, it appears that the custodian has not decided whether to release documents he believes respond to the request for records "of any disciplinary action or complaints filed against" the subject of the request. But even if the custodian had determined that documents responsive to this request should be withheld or disclosed, I have not been provided with those documents to review that decision. Accordingly, I can only set out the legal standards the custodian must apply to determine whether records pertaining to "disciplinary action and/or complaints filed against" the subject of the request must be disclosed.[1] *Page 2 
Subsection 25-19-105(c)(3)(B)(i) sets the procedures for requesting my opinion on the custodian's decision. That subsection permits the "custodian, requester, or the subject of the records" to "immediately seek an opinion from the Attorney General" on whether the custodian's "decision is consistent with" the FOIA. The Attorney General has three working days to issue that opinion. Although you do not directly indicate in your request whether your firm represents the subject of the FOIA request, I will proceed on the assumption that it does.
Given that I am not a finder of fact and that I do not possess the disputed documents, I can do no more than set forth the general standards the custodian should apply when deciding whether certain documents contained in personnel *Page 3 
files must be disclosed. Apparently, the sole issue is what the custodian's decision should be regarding the following request, in particular the italicized language:
 Pursuant to the Freedom of Information Act, please provide me with a complete copy of the entire employee file maintained by you regarding the above named individual including but not limited to his current position/title, rank, his current hourly/salaried rate of pay, any cellular telephones provided to [the subject of the request], information pertaining to any bonuses received during the period of time beginning January 1, 2006 through the present, including any disciplinary actions and/or any complaints filed against [the subject of the request] within the last two years.
The first step in reviewing documents that may be responsive to a FOIA request is to determine whether the documents are "public records." The FOIA defines "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
The FOIA provides two exemptions for items normally found in employees' files.[2] For purposes of the FOIA, items in employees' files can usually be divided into *Page 4 
two groups: "personnel records" under § 25-19-105(b)(12);[3] or "employee evaluation or job performance records" under § 25-19-105(c)(1).[4] "Employee evaluation or job performance records" are releasable only if various conditions have been met. Subsection 25-19-105(c)(1) provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
Neither the statute nor the courts have defined the term "employee evaluation or job performance records" as used in A.C.A. § 25-19-105(c). But this office has consistently opined that any records created by (or at the behest of) the employer detailing the employee's performance (or lack thereof) with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.E.g., Ops. Att'y Gen. 2007-225; 2006-111; 2006-038. The record must also have been created for the purpose of evaluating an employee.E.g., Ops. Att'y Gen. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. J. Watkins R. Peltz, The ArkansasFreedom of Information Act (m m Press, 4th ed. 2004), at 196. The custodian can withhold "employee evaluation or job performance records" only after determining whether the above three elements are met.
The FOIA does not define the third prong's phrase: "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines: *Page 5 
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen. 2007-206:
 a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley,supra, at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective.E.g. Ops. Att'y Gen. 2001-112, 2001-022, 94-198. *Page 6 
Finally, the custodian should be aware of some constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally-protectable information.McCambridge v. City of Little Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy-interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Whether certain information is constitutionally protected under the right to privacy, is a highly factual decision the custodian of records must initially make. If the custodian determines that the records contain constitutionally-protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] In Op. Att'y Gen. No. 2006-158, my predecessor wrote to a records custodian about the respective roles of custodians and this office:
 As custodian, you must locate and provide copies of public records that have been requested pursuant to the FOIA, assuming that the request is "sufficiently specific." A.C.A. §§ 25-19-105(a)(2)(A) ("A citizen may make a request to the custodian to inspect, copy, or receive copies of public records[;]" 25-19-105(a)(2)(C) ("The request shall be sufficiently specific to enable the custodian to locate the records with reasonable effort[;]" 25-19-105(d)(2)(A) ("Upon request and payment of a fee . . . the custodian shall furnish copies of public records if the custodian has the necessary duplicating equipment.") In the event the requester seeks access to "personnel or evaluation records," you must "determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." Id. at (c)(3)(A). Your decision regarding any exemption in connection with such personnel or evaluation records may then be subjected to my review in accordance with A.C.A. § 25-19-105(c)(3)(B)(i), which states that "[e]ither the custodian, requester, or the subject of the records may immediately seek an opinion from the Attorney General, who, within three (3) working days of receipt of the request, shall issue an opinion stating whether the decision is consistent with this chapter."
 As you can see, my duty to issue an opinion under A.C.A. § 25-19-105(c)(3)(B) arises after the records have been located and is limited to reviewing the custodian's decision as to "whether the records are exempt from disclosure." A.C.A. § 25-19-105(c)(3)(A), supra (emphasis added). I am authorized only to review your determination regarding what documents are subject to release, not to advise you in your initial selection of responsive documents. See Op. Att'y Gen. 2005-175. Accordingly, I am neither authorized nor equipped to opine on your identification of personnel or evaluation records in response to this FOIA request. Identifying records responsive to the request is a task uniquely within your purview, both as a statutory matter and as a practical matter because it requires factual determinations that are outside the scope of an opinion from this office. See Op. Att'y Gen. 2005-104. Consequently, to the extent you seek my review of your determination that the enclosed file is responsive to the FOIA request in this instance, I must decline to issue an opinion.
Id. at 2.
[2] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; complaint letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g. Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, The Arkansas Freedom of Information Act
181-82 (4th ed., m m Press 2004).
[3] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . (12) [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."